UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANA L. SUTTICE,

    Plaintiff,

    v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____/

No. C 05-02021 WDB

**ORDER RE: MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT**

INTRODUCTION

Plaintiff Dana L. Suttice applies for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for the time that his attorney, Harvey P. Sackett ("Sackett"), expended appealing the Commissioner's final decision denying plaintiff's supplemental security income ("SSI") benefits under the Social Security Act. Under the EAJA, "fees and other expenses" include costs and "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, the Court hereby GRANTS Plaintiff's motion, with a slight reduction in fees, for the reasons explained below.

PROCEDURAL BACKGROUND

Plaintiff applied for SSI on January 3, 2003, alleging that he was disabled as of August 1, 2002, due to back pain, difficulty sleeping, and a limited capacity to sit and stand. His request was denied initially and on reconsideration. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). On January 20, 2004, the hearing was held before the Honorable Brenton Rogozen. On February 26, 2004, Judge Rogozen issued a written decision, finding that plaintiff was not and had not been disabled as defined by the Social Security Act and applicable regulations, and denying his request for SSI benefits.

Plaintiff then appealed to the Social Security Administration's Appeals Council, which determined there was no basis for review. On April 6, 2005, Judge Rogozen's decision became the final decision of the Commissioner of Social Security in plaintiff's case. On May 18, 2005, plaintiff filed a complaint in federal court seeking review of the decision. Both parties subsequently consented in writing to proceed before a U.S. Magistrate Judge.

On September 15, 2006, this Court granted, in part, Plaintiff's request for relief by vacating the Commissioner's decision and remanding the action for further administrative proceedings. Specifically, this Court concluded that the Commissioner made a legal error in determining Plaintiff's Residual Function Capacity ("RFC"). Subsequently, on October 5, 2006, Plaintiff filed a petition requesting an award of Mr. Sackett's fees in the amount of $6,725.62, based upon 40.45 hours of work at a rate of $166.27 per hour, as well as reimbursement in the amount of $257.40 for costs. Plaintiff also requests compensation for an additional 1.5 hours for time that Mr. Sackett spent replying to the Commissioner's opposition to the fee motion. Thus, Mr. Sackett claims a total of $6,975.02 in fees for 41.95 hours of time expended, and $257.40 for costs.

## DISCUSSION

The Commissioner concedes that Plaintiff is entitled to an award of attorneys' fees and costs pursuant to the EAJA.[1]  The only contested issue is the amount of fees to which Mr. Sackett is entitled.  This Court has discretion in determining the amount of a fee award, including the reasonableness of the hours claimed by the prevailing party. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992) citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  In doing so, the court should "provide a concise but clear explanation of its reasons for the fee award." *Hensley*, 461 U.S. at 437 (involving attorney-fee proceeding under § 1988); *see INS v. Jean*, 496 U.S. 154 (1990) (district court's determination of what fee is reasonable under the EAJA is the same as the standard in *Hensley*).

The Supreme Court has stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433.  A reasonable fee should be awarded based upon, but not limited to, the complexity of the case or the novelty of the issues, and the attorney's expertise and skill.  *See Kerr v. Screen Extras Guild*, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975);[2] *see also Widrig v. Apfel*, 140 F.3d 1207,

---

[1] The EAJA provides in pertinent part: Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

[2] In *Kerr*, the 9th Circuit held the following factors are appropriate for consideration in determining a reasonable attorney's fee award: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the

1209 (9th Cir. 1998) (concluding that the district court did not abuse its discretion in reducing an award of attorney's fees in a social security appeal by considering the twelve factors set forth in Kerr and the attorney's insufficient support for his claimed hourly rate). Additionally, the district court may adjust an attorney's fee by considering the important factor of the results obtained from the litigation. *Hensley*, 461 U.S. at 434.

A.   Hourly Rate

First, to determine hourly rate, attorney's fees are set at a market rate but capped at $125 hour. *Id.* Thus, a district court may not award attorney's fees in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A)(ii).  Here, Mr. Sackett claims that his fee for representing individuals before a federal court is normally between $450.00 – $600.00 per hour. *See* Declaration of Harvey P. Sackett in Support of Application for an Award of Attorney's Fees and Costs Under the Equal Access to Justice Act, filed on October 5, 2006, at 2.  However, pursuant to the statutory cap, Mr. Sackett argues that he should be compensated at a rate of $166.27 per hour.  This rate reflects the statutory rate of $125 plus $41.21 to account for the increase in cost of living as shown from the Consumer Price Index.  *See* 28 U.S.C. § 2412(d)(2)(A); *see also* Declaration of Harvey P. Sackett in Support of Application for an Award of Attorney's Fees and Costs Under the Equal Access to Justice Act, filed on October 5, 2006, at 5-7, Exhibit A.  The Commissioner does not

---

preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  526 F.2d at 70.

disagree with Mr. Sackett's hourly rate of $166.27. Instead, the Commissioner disputes the number of hours expended by Mr. Sackett.

### B. Hours Expended

Mr. Sackett claims to have spent a total of 41.95 hours (40.45 hours on the appeal, and 1.5 hours on the fee request) on this social security appeal and fee request, which would entitle him to $6,975.02 in fees, plus $257.40 in costs, totaling $7232.42. The Commissioner contends that the hours Mr. Sackett claims are unreasonable and excessive, and that Mr. Sackett should instead be compensated only for a total of 20.25 hours, plus costs, thereby reducing the award to a total of $3,366.97.

In particular, the Commissioner addresses its challenge to the 20.4 hours Mr. Sackett claims to have expended researching and writing a twenty-four page opening brief in support of summary judgment, and to the 4.9 hours claimed for researching and drafting the reply. The Commissioner argues that the 20.4 hours was unreasonable because the bulk of Plaintiff's brief was comprised of arguments with which the Court disagreed. The Commissioner points out that the Court granted Plaintiff's Motion on grounds raised in only one of four theories that was briefed and disagreed with Plaintiff on the remaining issues. The Commissioner also argues that the amount of time expended on this brief was unreasonable given Mr. Sackett's self-described expertise and familiarity with similar social security disability cases on which he has worked since 1980.[3] Accordingly, the Commissioner requests that Mr. Sackett's award for drafting the opening brief should be reduced from 20.4 to 5.1 hours — a three-quarter reduction.

The Commissioner makes the same arguments with respect to the 4.9 hours Mr. Sackett claims he spent researching and drafting Plaintiff's reply. For this brief, which was

---

[3] Mr. Sackett asserts that he has exclusively practiced social security law since 1980 and "successfully represented in excess of three thousand (3,000) claimants in these matters . . ." *See* Declaration of Harvey P. Sackett in Support of Application for an Award of Attorney's Fees and Costs Under the Equal Access to Justice Act, filed on October 5, 2006, at 1-2.

four pages and addressed only issues with which the court ultimately disagreed, the Commissioner contends Mr. Sackett's hours should be reduced to zero.

In response, Mr. Sackett argues that he should be awarded fees for *all* of the hours he claimed, irrespective of the number of issues upon which he actually prevailed, because a "plaintiff may obtain excellent results without receiving all of the relief requested." *See* Plaintiff's Reply at 2 (citing and quoting *Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001)). Mr. Sackett did not specifically address the Commissioner's argument that the hours claimed for briefing were excessive for a practitioner with such a high level of skill and experience.

Having reviewed the relevant legal authority and considered the arguments from both sides, the Court grants an award of fees but concludes that a small reduction in hours is appropriate given the high skill level of Mr. Sackett and the low level of complexity of the issues presented by Plaintiff's appeal. The fee award will <u>not</u> be reduced, however, on the ground that Plaintiff prevailed on only one of the four legal theories raised. The Supreme Court made clear in *Hensley* that:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally, this will encompass all hours reasonably expended on litigation . . . . [T]he fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit.

461 U.S. at 435. Indeed, Judge Larson recently so ruled on a fee motion in *San Juan v. Barnhart*, Case No. 05-0570 JL (N. D. Cal. Oct. 10, 2006), which had similar facts and nearly identical hours claimed for briefing, and in which Mr. Sackett also appeared as counsel. Judge Larson concluded that "[a]lthough the Court adopted only one of the four issues raised, Defendant has not shown, and there is no reason to believe, that the other three issues were raised in bad faith." *Id.* at 5. Thus, the court in *San Juan* rejected the Commissioner's pro rata reduction in attorneys' fees but, ultimately, effected a minor reduction in fees on the ground that the hours were "somewhat excessive, especially for an experienced practitioner." *Id.* at 6. This court now reaches a similar result.

Here, Plaintiff's case, for which Mr. Sackett claims to have spent 20.4 hours on the opening brief alone, did not present complex issues and did not require unusual briefing. To the contrary, the case involved routine evaluation of medical evidence, the weight given to such evidence, the severity of Plaintiff's physical and mental impairments, Plaintiff's credibility, and the effect of Plaintiff's decision to proceed at the administrative hearing without counsel. Legal issues such as these are not unusually difficult for a very experienced practitioner such as Mr. Sackett, nor are they matters of first impression. *See Sandine v. Commissioner of Soc. Sec. Admin.*, 1999 WL 717823 at *4 (D. Or. 1999) (concluding that improper rejection of a physician's assessments, and improper rejection of plaintiff's and lay witnesses' testimony are neither complex nor unique issues); *see generally* Harvey L. McCormick, Social Security Claims and Procedures § 15:7, at 214-15 (5th ed.1998) (discussing common legal errors or applications of improper standards that constitute good and sufficient grounds for remand).

Nor was the posture of the case unique, as was true in *Patterson v. Apfel*, 99 F. Supp.2d 1212, 1213 (C. D. Cal. 2000), where the court distinguished between routine and non-routine issues, concluding that issues regarding plaintiff's suicide and the weight of his counselor's notes required more factual and legal analysis. In such a scenario, the *Patterson* court found that 28.5 hours claimed by plaintiff's attorney for reviewing the file, performing research, drafting court documents, and participating in oral argument was not excessive. *Id*. Here, by contrast, where there were no special facts or unusual issues presented, Mr. Sackett claims to have spent 20.4 hours drafting the opening brief alone.

This court is persuaded that Mr. Sackett, as a highly experienced attorney in social security matters, reasonably could have expended less than 20.4 hours drafting a 24-page brief on issues that were neither complex nor unique, and with which Mr. Sackett presumably had an enormous amount of experience, having represented more than 3,000 claimants. *See e.g., Baker v. Apfel*, 2000 WL 284215, *5 (S. D. Ala. Feb. 23, 2000) (concluding that 11.20 hours claimed for drafting a twenty-eight-page brief was unreasonable, particularly since the brief contained much canned language and quoted

7

material along with the factual development, and that the legal arguments were familiar to an attorney with specialized expertise in social security matters). After considering the work performed, Plaintiff is granted compensation for 15 of the 20.4 hours spent drafting the opening brief in support of summary judgment. This brief, which did not address novel or complex legal issues, did nonetheless recite and use detailed medical evidence, as well as Plaintiff's testimony at the administrative hearing. Use of factual materials of this type, while not unusually complex, often requires counsel to expend considerable time combing the record and compiling the relevant evidence in summary fashion or for support for particular legal points. The brief also contained many long, block quotes from administrative regulations and cases, however — presumably the same legal authority used often by Mr. Sackett to support the common legal theories raised in Plaintiff's appeal. The Court thus finds the reduction of fees to 15 hours to be reasonable and appropriate.

Likewise, Plaintiff is granted compensation for 3.0 hours of the 4.9 hours spent drafting the reply brief, which consisted primarily of repeated arguments from the opening brief and which contained not a single cite to legal authority to support Plaintiff's theories. The Court finds this reduction in hours reasonable for the work involved.

Finally, Mr. Sackett requests an award for the 1.5 hours that he spent reviewing the Commissioner's opposition to the instant fee motion and preparing his three-page reply. The Supreme Court has held that under the EAJA, the prevailing party is entitled to fees incurred in protecting the EAJA fee award in subsequent litigation by the Government over the amount of the EAJA fee award. *See INS v. Jean*, 496 U.S. 154, 161 (1990) ("absent unreasonably dilatory conduct by the prevailing party in 'any portion' of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses all aspects of the civil action"); *see also Love v. Reilly*, 924 F.2d 1492, 1497 (9th Cir. 1991) ("[U]nder the EAJA, the prevailing party is automatically entitled to attorney's fees for any fee litigation once the district court has made a determination that the government's position lacks substantial justification."). Thus, Plaintiff reasonably may request compensation for the time his attorney spent reviewing the Commissioner's

opposition to the fee motion and researching, organizing and writing the three-page reply brief and supplemental declaration. Because the time is reasonable, the Court will award fees for the full 1.5 hours that Mr. Sackett attributes to this work to prepare for and draft a reply to the Commissioner's opposition.

## CONCLUSION

For the reasons set forth above, this Court GRANTS Plaintiff's motion for attorney's fees (with a slight reduction in hours from 41.95 to 34.65) <u>and</u> costs in the total amount of $6018.66. This represents attorney's fees in the amount of $5761.26, which are the product of $166.27 (statutory rate of $125.00 + $41.27 cost of living adjustment) multiplied by 34.65 hours, plus $257.40 in costs.

IT IS SO ORDERED

/s/ Wayne D. Brazil

Dated:   December 1, 2006         _____
                                  WAYNE D. BRAZIL
                                  United States Magistrate Judge