1
2
3
4
5
6          UNITED STATES DISTRICT COURT
7         NORTHERN DISTRICT OF CALIFORNIA
8
9   DANA L. SUTTICE,
10          Plaintiff,                    No.  C  05-02021 WDB
11      v.                            **ORDER DENYING MOTION TO**
                                       **AMEND COURT ORDER**
12  JO ANNE B. BARNHART,
    Commissioner of Social Security,
13
14          Defendant.
    _____/
15
16          On December 1, 2006, this Court filed an Order granting Plaintiff Dana L.
17  Suttice's application for an award of attorney's fees and costs pursuant to the Equal
18  Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Plaintiff was the prevailing party
19  in an underlying Motion for Summary Judgment on a disability benefits claim and, thus,
20  was entitled to a fee award under the EAJA.  *Id.*  The Court awarded Plaintiff fees in the
21  amount of $5,761.26 and costs of $257.40 for a total of $6018.66.  Thereafter, on
22  December 27, 2006, the Social Security Administration ("SSA") sent a letter to Plaintiff
23  notifying him that they would pay him the fee award as ordered by the Court.[1]  On
24  January 18, 2007, Plaintiff received a check from the United States Department of the
25  Treasury in the amount of $4171.08, which reflected this Court's fee award of $5,761.26

26      _____
27      [1]  The letter also notified Plaintiff that the cost portion of the award would not be paid by SSA
    and that Plaintiff should, instead, contact the United States Attorney's Office.  The remaining discussion
28  in this Order thus relates only to the fee portion of the award and not to costs.

                                        1

*minus* debts totaling $1590.18 that Mr. Suttice owed to the Internal Revenue Service and the Office of Revenue Service for Contra Costa County.  *See* 31 U.S.C. § 3701 and 31 C.F.R. § 285.5(a)-(d) (2006) (statutory and regulatory authority for Treasury to collect delinquent debts by intercepting payments made by a federal agency).  Plaintiff's counsel, Mr. Harvey Sackett, now files this Motion to Amend Court Order, asserting that the Court erred in its Order of December 1, 2006, by awarding fees to Plaintiff and, instead, should have awarded fees directly to Mr. Sackett.  Mr. Sackett has cited no legal authority for this proposition in his papers.  He failed to file a reply brief at all, perhaps because he came to understand that his position is contradicted by clear United States Supreme Court precedent.

The United States Supreme Court has made clear in more than one opinion that in fee-shifting statutes entitling a "prevailing party" to an award of attorney's fees, the award, indeed, belongs to the prevailing *party*, and not to the party's *attorney*.  *See Venegas v. Mitchell*, 495 U.S. 82, 87 (1990) (holding in a §1988 case that where a "prevailing party" is eligible for a discretionary award of attorney's fees, "it is the party, rather than the lawyer, who is so eligible."); *see also Evans v. Jeff D*, 475 U.S. 717, 731-32 (1986).  While neither the Supreme Court nor the Ninth Circuit has addressed this exact question in an *EAJA* case — likely because there was no need after the clear pronouncement in *Venegas* — the Supreme Court *has* been explicit that the standards in its opinions in this subject area are "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 & n.7 (1983).  Indeed, though the identical part of the statute was not at issue, the Supreme Court subsequently relied on *Hensley* in an *EAJA* fee-shifting case, stating that "once a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*." *See INS v. Jean*, 496 U.S. 154, 161 (1990).

2

1

2    Following this clear guidance, the Ninth Circuit held in a § 1988 case that

3 attorney's fees should be awarded to a *party*, rather than to the party's *lawyer*. *See*

4 *Gilbrook v. City of Westminster*, 177 F.3d 839, 872-875 (9th Cir. 1999).  And, in a case

5 addressing the identical question posed here, consistent with all other authority, the

6 Eleventh Circuit concluded that fees in an *EAJA* case are awarded to a "prevailing party,"

7 not to counsel.  *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509-1511 (11th Cir.

     1988).

8    Accordingly, under all relevant precedent, the Court properly awarded attorneys'

9 fees to Plaintiff, and not to Mr. Sackett.  That the Department of the Treasury then

10 lawfully deducted from the fee award monies owed by Plaintiff does not change the

11 result.  As the Supreme Court stated in *Venegas*, the fee-shifting provision "controls what

12 the losing defendant must pay, not what the prevailing plaintiff must pay his lawyer."  495

13 U.S. at 90.  Mr. Sackett's Motion to Amend Court Order is DENIED.  The Court also

14 directs Mr. Sackett to read Rule 11 of the Federal Rules of Civil Procedure.

15 IT IS SO ORDERED

16

17 _____

    Dated:   April 19, 2007                        _____

18                                                  WAYNE D. BRAZIL

19                                                  United States Magistrate Judge

20

21

22

23

24

25

26

27

28

                                                3